IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| GENE DEVERAUX,<br><br>Plaintiff,<br><br>vs.<br><br>CORECIVIC, INC., and DOES 1–20,<br><br>Defendants. | CV 26-302-GF-SPW<br><br>ORDER ON CORECIVIC, INC.'S COMBINED PARTIAL RULE 12(b)(6) MOTION TO DISMISS AND RULE 12(f) MOTION TO STRIKE |

Defendant CoreCivic, Inc. ("CoreCivic") filed a Combined Partial Rule 12(b)(6) Motion to Dismiss and Rule 12(f) Motion to Strike ("Motion") on October 22, 2026. (Doc. 4). Plaintiff Gene Deveraux ("Deveraux") filed a First Amended Complaint and Jury Trial Demand (Doc. 7) on November 10, 2026. He, however, did not file a response to CoreCivic's Motion (Doc. 4) when it was due on November 12, 2026, pursuant to Local Rule 7.1(d)(1)(B)(i). Under Federal Rule of Civil Procedure 15(a),

> A party may amend its pleading once as a matter of course no later than:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Deveraux properly amended his pleading once as a matter of course following CoreCivic's Motion.

"An 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Hilliard v. State Farm Auto. Ins.*, No. CV 25-146, 2026 WL 2967836, at *1 (D. Mont. Sept. 30, 2026) (quoting *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012)). Once a party files an amended complaint, a motion to dismiss addressing the original complaint is generally deemed moot. *Id.* (citing *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); *see also Redd v. Montana*, No. CV-26-11, 2026 WL 2271279, at *1 (D. Mont. Aug. 6, 2026). It is, however, within a court's discretion to treat a motion based on the original complaint as if it were addressing the amended complaint when the amended complaint suffers from the same deficiencies as or is "substantially identical" to the original complaint. *Hilliard*, 2026 WL 2967836, at *1; *Brooks Sports, Inc. v. Sparc Group, LLC*, No. C20-1491, 2021 WL 1424686, at *1 (W.D. Wash. Apr. 15, 2021).

Comparing the two, Deveraux's First Amended Complaint appears to address several of the alleged defects raised in CoreCivic's Motion. (*Compare* Doc. 5 at 5–7, 8–10, *with* Doc. 7 at 10–12, 15, *and* Doc. 1 at 10–12, 15–17). The Court's observations should not be construed as determining whether Deveraux's amendments in fact cured the original Complaint's defects. Instead, the Court mentions these changes to conclude that Deveraux's First Amended Complaint (Doc. 7) is not "substantially identical" to the original Complaint (Doc. 1) nor can

the Court readily discern whether Deveraux's First Amended Complaint continues to suffer from the same alleged defects raised in CoreCivic's Motion. The Court therefore deems CoreCivic's Motion (Doc. 4) moot.

Accordingly, IT IS HEREBY ORDERED that CoreCivic's Combined Partial Rule 12(b)(6) Motion to Dismiss and Rule 12(f) Motion to Strike (Doc. 4) is DENIED AS MOOT. CoreCivic may respond to Deveraux's First Amended Complaint with either an answer or another motion within fourteen days of this Order.

DATED this 18th day of November, 2026.

Susan P. Watters

SUSAN P. WATTERS
United States District Judge